UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THEODORE SMITH,

        Plaintiff,

v.                                            Case No.:

Sheet Metal Workers' National
Pension Fund, Sheet Metal Workers'
Local Union No. 28 Funds And Plans
Metropolitan New York And Long
Island,

        Defendants.
-----------------------------------------------------------X

## ERISA COMPLAINT

**A.**    **Introduction**

1. This is an action for benefits pursuant to ERISA 29 U.S.C. 1001 et. seq. under a qualified plan in which there was a partial denial of a claim submitted by Mr. Smith regarding the determination of the amount of disability benefits

**B.**    **The Parties**

2. Plaintiff Theodore Smith (hereinafter "Plaintiff") was at all times relevant in the complaint a resident of New York and in all other respects is sui juris.

3. Plaintiff was covered under the Sheet Metal Workers' National Pension Fund Plan and the Sheet Metal Workers' Local Union No. 28 Funds and Plans Metropolitan New York and Long Island (hereinafter "the Plan") and was a participant in the plan at all relevant times.

4. Sheet Metal Workers' National Pension Fund is the plan administrator at all times relevant in the complaint.

1

5. At all times hereafter mentioned, the Plan was and is a duly organized and existing qualified trust pension plan as defined in 26 U.S.C. 401 and 26 U.S.C. 411, and Defendant Sheet Metal Workers' National Pension Fund and Sheet Metal Workers' Local Union No. 28 Funds and Plans Metropolitan New York and Long Island are responsible for the plan.

6. The plan provides employees, such as the Plaintiff, with pension benefits. The amount is determined based on the service credit of the Plaintiff. As set forth below, the amount of benefits was improperly calculated by the Plan Administrator.

**C.    Jurisdiction and Venue**

7. The Plan was designed and intended to qualify under the requirements of ERISA, and upon information, it does, in fact, qualify as a plan pursuant to 29 U.S.C. 1002 (1) and (3).

8. This Court has jurisdiction to hear this ERISA claim pursuant to 29 U.S.C. 1132, and the venue is proper in that the Defendants and Plaintiff can be found in this District.

9. At all times, the Plaintiff was a qualified participant in the plan pursuant to 29 U.S.C. 1132.

10. The fund transacts a significant amount of business within the jurisdiction of this United States District Court.

**D.    Factual Statement**

    **1.    Procedural History**

11. Plaintiff submitted an application to, and was hired for the Apprenticeship Training Program by the Sheet Metal Workers' Local Union No. 28 Joint Apprenticeship Committee in 1985.

12. Plaintiff notified Local 28 Union on April 5, 2018, stating that he was missing four years of service for his employment with Brandt-Airflex Corp. (1985-1989).

13. On April 9, 2018, Plaintiff received an email from the Local 28 Union stating that Plaintiff had been initiated into the Union as a production worker on April 2, 1985.

14. Plaintiff was advised by letter by the Sheet Metal Workers' National Pension Fund dated June 20, 2018, that he was entitled to a pension credit of 27 years and 9 months, for credit received from August 1989 to April 2018.

15. Thereafter, on July 17, 2018, Plaintiff received a letter from the Sheet Metal Workers' National Pension Fund stating that, based on their records, Plaintiff was ineligible for the additional service credit and would be receiving a monthly benefits payment of $2,516.00.

16. On September 24, 2018, Plaintiff received a letter from Local Union 28 stating that he had 5 Vesting Credits and 5 Pension Credits.

17. On September 30, 2019, Plaintiff received a letter from Local Union 28, which stated that as of December 31, 2017, Plaintiff had accumulated 1 pension credit for each year between 1985 and 1989, for a total of 5 pension credits.

18. On November 19, 2019, Plaintiff received a letter from Local Union 28, which stated that as of December 31, 2018, Plaintiff had accumulated a total of 24 pension credits, with a local pension amount at normal retirement age of $1,372.50.

**2.   The Determination**

19. The Sheet Metal Workers' National Pension Fund held that Plaintiff was ineligible for Pension Credits for his employment through Brandt-Airflex Corp. between April 1985 and July 1989. (See Exhibit "A- letter dated July 17, 2018).

20. They further held that the Local Union 28's Fund's Office had informed them that Plaintiff was classified as a Production Worker, an inaccurate designation of Plaintiff's role and not

considered "Covered Employment" in the Plan, thus making Plaintiff ineligible for Pension Credit during that time.

**E.      The Determination Was Arbitrary and Capricious**

21.     The Sheet Metal Workers' National Pension Fund has determined that Plaintiff is not entitled to his full pension benefits by excluding his employment with Brandt-Airflex Corp. between April 1985 and July 1989 due to an incorrect employment classification.

22.     However, based on his Sheet Metal Apprentice Artisan cards from that time, Plaintiff is entitled to that pension credit.

23.     Therefore, the Sheet Metal Workers' National Pension Fund's determination was arbitrary and capricious and should have been revised to reflect the accurate amount of yearly pension credits.

**F.      Plaintiff is entitled to ERISA benefits.**

24.     The Employee Retirement Income Security Act of 1974 (ERISA) permits a person denied benefits under an employee benefit plan to challenge that denial in federal court. 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.*; see § 1132(a)(1)(B). Often, the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket.

25.     Where the trustees of a plan impose a standard not required by the plan's provisions or interpret the plan in a manner inconsistent with its plain words, or by their interpretation render some provisions of the plan superfluous, their actions are arbitrary and capricious. Here, there is a clear error in judgment.

26.     ERISA regulations require strict compliance, and the failure to comply with the letter of the regulations' requirements triggers a de novo review.

27. In the case at hand, based on all the record and supporting documentation provided, the Defendant's decision should be reversed, and the Plaintiff should be granted benefits based on his Sheet Metal Apprentice Cards.

28. Plaintiff has furnished Defendant with timely notice and proof of claim and has otherwise performed all the conditions precedent to entitle him to recover benefits.

29. At all times hereinafter mentioned, Plaintiff should have been qualified and entitled to benefits pursuant to the plan based on his Sheet Metal Apprentice Cards.

30. The continued denial of Plaintiff's rights is arbitrary, illegal, capricious, unreasonable, and contrary to 29 U.S.C. 1001 et. seq. and is not supported by substantial evidence.

31. Plaintiff has exhausted all administrative remedies available to him under the policy.

32. Defendant's denial of the Plaintiff's claim for benefits was a breach of the benefits contract.

33. Defendant's denial of the Plaintiff's claim was capricious in that it was unpredictable, as it blatantly ignored the plain language of the plan.

34. As a direct and proximate result of the actions by Defendant, Plaintiff has incurred attorneys' fees in an amount not yet known to Plaintiff.

35. As a direct and proximate result of the actions, Plaintiff has sustained damages in an amount not now known to Plaintiff, but on information and belief, such damages will approximate the amount of the benefits due to Plaintiff in accordance with the plan.

## FIRST CLAIM FOR RELIEF

36. The continued denial of Plaintiff's rights deprives him of benefits and is arbitrary, illegal, capricious, unreasonable, and contrary to 29 U.S.C. 1001 et. seq. The decision to classify his employment position incorrectly and deny him his full pension benefits is not supported by substantial evidence and is arbitrary, capricious, and a breach of the plain language of the Plan.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment in his favor and against Defendants as follows:

a. A determination by Defendants that Plaintiff qualifies for his pension credit through Brandt-Airflex Corp. from April 1985 to July 1989;

b. Declaring that all rights and benefits due to Plaintiff be vested and non-forfeitable;

c. Awarding Plaintiff a money judgment for sums due and owing which approximate the amount of the benefits due to Plaintiff in accordance with the plan and compelling Defendant to continue to make payments pursuant to the plan;

d. Awarding that Defendant pay Plaintiff's costs of this suit, together with a reasonable attorney's fee pursuant to 29 U.S.C. 1132 (g) (1);

e. Any other relief that is just and equitable.

Dated: New York, New York
September 18, 2025

                                            STEWART LEE KARLIN
                                            LAW GROUP, PC

                                            _____
                                            Stewart Lee Karlin, Esq.
                                            Attorneys for Plaintiff
                                            111 John Street, 22nd Floor
                                            New York, NY 10038
                                            (212) 792-9670